[Cite as *Gray v. Clipper*, 2020-Ohio-318.]

STATE OF OHIO      )
                    )ss:
COUNTY OF LORAIN    )

IN THE COURT OF APPEALS
NINTH JUDICIAL DISTRICT

JOSEPH GRAY

    Petitioner

    v.

KIMBERLY CLIPPER, WARDEN

    Respondent

C.A. No.     19CA011596

ORIGINAL ACTION IN
HABEAS CORPUS

Dated: February 3, 2020

PER CURIAM.

{¶1} Joseph Gray has petitioned this Court for a writ of habeas corpus to order Respondent, Warden Kimberly Clipper, to release him from custody. Because Mr. Gray has not complied with the mandatory requirements of R.C. 2969.25, this Court must dismiss this case.

{¶2} R.C. 2969.25 sets forth specific filing requirements for inmates who file a civil action against a government employee or entity. Respondent Clipper, Warden of the Lorain Correctional Institution, is a government employee; Mr. Gray, incarcerated in the Lorain Correctional Institution, is an inmate. R.C. 2969.21(C) and (D). A case must be dismissed if the inmate fails to comply with the mandatory requirements of R.C. 2969.25 in the commencement of the action. *State ex rel. Graham v. Findlay Mun. Court*, 106 Ohio St.3d 63, 2005-Ohio-3671, ¶ 6 ("The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal.").

{¶3} Mr. Gray did not pay the cost deposit required by this Court's Local Rules. He also failed to comply with R.C. 2969.25(C), which sets forth specific requirements for an inmate who seeks to proceed without paying the cost deposit. Mr. Gray did not file an affidavit of indigency and he did not file a statement of his prisoner trust account that sets forth the balance in his inmate account for each of the preceding six months, as certified by the institutional cashier. Mr. Gray also failed to comply with R.C. 2969.25(A) which requires the filing of an affidavit of prior civil actions including specific, mandatory, information.

{¶4} Because Mr. Gray did not comply with the mandatory requirements of R.C. 2969.25, the case is dismissed. Costs taxed to Mr. Gray.

{¶5} The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. Civ.R. 58.

THOMAS A. TEODOSIO
FOR THE COURT

CARR, J.
HENSAL, J.
CONCUR.

APPEARANCES:

JOSEPH GRAY, Pro se, Petitioner.

DAVE YOST, Attorney General, and DANIEL J. BENOIT, Associate Assistant Attorney General, for Respondent.